Filing # 64962831 E-Filed 12/05/2017 11:17:16 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Coraiima Marrero</u>
Plaintiff
vs.
<u>OReilly Automotive Stores Inc</u>
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation



## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Non-monetary declaratory or injunctive relief;
    ☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

2

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Matthew Ryan Gunter</u>    FL Bar No.: <u>77459</u>
    Attorney or party                                                (Bar number, if attorney)

    <u>Matthew Ryan Gunter 12/05/2017</u>
        (Type or print name)                                               Date

Filing # 64962831 E-Filed 12/05/2017 11:17:16 AM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA
CIVIL DIVISION

CORAIIMA MARRERO,

    Plaintiff,

vs.

CASE NO.:

O'REILLY AUTOMOTIVE STORES,
INC., a foreign For Profit Corporation,

    Defendant.    /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CORAIIMA MARRERO ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, O'REILLY AUTOMOTIVE STORES, INC., a Foreign Profit Corporation, ("Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff, CORAIIMA MARRERO, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

2.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

3.    This is an action for damages in excess of $15,000.00, excluding attorney's fees and costs

4.    Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred

in Orange County, Florida.

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Orange County, Florida.

6. At all times material to this action, O'REILLY AUTOMOTIVE STORES, INC. was, and continues to be a foreign for Profit Corporation.

7. Defendant, O'REILLY AUTOMOTIVE STORES, INC., lists its principle address as 233 S. Patterson Avenue, Springfield, MO 65802.

8. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business, among other counties, in Orange County, Florida.

9. From approximately April 2015 until her termination on November 9th, 2017, Plaintiff was employed by Defendant as a "merchandiser" handling inventory located at 6100 W. Colonial Drive, Orlando, Florida 32808.

10. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

11. At all times material to this action, Defendant was, and continues to be, "employers" within the meaning of the FMLA.

12. O'REILLY AUTOMOTIVE STORES, INC. is an employer under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

13. At all times relevant hereto, Plaintiff worked at a location where O'REILLY AUTOMOTIVE STORES, INC. employed 50 or more employees within a 75 mile radius.

14. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FMLA ALLEGATIONS

15. At all times relevant to this action, O'REILLY AUTOMOTIVE STORES, INC. failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA. Defendant interfered with Plaintiff's right to take FMLA leave, and discriminated and retaliated against Plaintiff because she was seeking FMLA leave.

16. During her employment with Defendant, Plaintiff had a disability that was open and apparent to her coworkers and supervisors. Specifically, Plaintiff suffered from nerve damage causing tremendous back pain and prevented her from putting significant weight on her right foot.

17. On or about October 5th, 2017, Plaintiff notified her Assistant Manager, Jaqueline Rivera, she needed time off to consult with her doctor regarding her medical issue.

18. On October 5th, 2017, Plaintiff's primary care physician submitted FMLA paperwork to Defendant's human resources employee, Trasie Heckenlively. Specifically, Plaintiff sought FMLA intermittent leave.

19. On or about October 6th, 2017, Defendant's corporate offices approved Plaintiff's FMLA intermittent leave request and allowed Plaintiff to request/have 2-3 days off per week.[1]

---

[1] Plaintiff was routinely working forty (40) hours per week until her request for FMLA intermittent leave was approved.

20. On October 6th, 2017, Plaintiff returned to work and was immediately asked by her Store Manager, Gustavo Ocampos, for copies of her FMLA request and doctor's notes despite having already provided that information to Defendant's corporate offices the day prior.

21. Plaintiff's District Manager, David Lugo, disagreed with Defendant's corporate office approving the FMLA intermittent leave citing his belief FMLA leave could not be used in this manner.

22. As a result, Plaintiff's Store Manager and District Manager were of the opinion the FMLA approval had to have been a mistake. Despite their beliefs, they initially accommodated Plaintiff with her FMLA intermittent leave request.

23. However, on November 9th, 2017 Plaintiff was terminated by the Store Manager and District Manager for being provided too many days off work.

24. Specifically, Assistant Manager, Jaqueline Rivera, in accordance with the FMLA leave, provided Plaintiff with six consecutive days off work. Critically though, these six days off were divided between two work weeks and still in accordance with Plaintiff's FMLA intermittent leave.

25. Plaintiff was terminated because Mr. Lugo and Mr. Ocampos did not like Plaintiff being given days off pursuant to her approved FMLA intermittent leave.

## COUNT I
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

26. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 25, above, as if fully set forth herein.

27. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

4

28. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

29. At all material times relevant to this cause of action Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

30. Plaintiff gave Defendant appropriate notice of her need to be absent from work, due to her serious health condition.

31. Defendant interfered with the exercise of Plaintiff's right to FMLA intermittent leave, because Defendant terminated Plaintiff during the enjoyment of her protected leave.

32. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. Because Defendant cannot show that its violation of the FMLA was in good faith Plaintiff is entitled to liquidated damages.

34. Defendant's violation of the FMLA was willful, as Plaintiff's direct manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, CORAIIMA MARRERO, demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA - RETALIATION

35. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 25, above, as if fully set forth herein.

36. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right to take leave from work that was protected under the FMLA.

37. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff was terminated due to FMLA leave and health condition.

38. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating her employment for seeking time off work under the FMLA.

39. At all material times relevant to this cause of action Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, and sought FMLA time off in October 2017.

40. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

43. Defendant's violation of the FMLA was willful, as its manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, CORAIIMA MARRERO, demands judgment against Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 4 day of December, 2017.

                                Respectfully submitted,

*(signature)*
Matthew R. Gunter, Esquire
FL Bar No.: 00077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Ste. 1600
P.O. Box 4979
Orlando, FL 32802-4979
Tel: 407-236-0946
Fax: 407-867-4791
E-mail: MGunter@forthepeople.com
*Trial Counsel for Plaintiff*

Filing # 64962831 E-Filed 12/05/2017 11:17:16 AM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA
CIVIL DIVISION

CORAIIMA MARRERO,

Plaintiff,

vs.  CASE NO:

O'REILLY AUTOMOTIVE STORES,
INC., a Foreign For Profit Corporation,

_____Defendant._____/

## CIVIL COVER SHEET

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), please an "x" in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence-other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability-commercial
  - ☐ Premises liability-residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0-$50,000
  - ☐ Commercial foreclosure $50,001-$249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
- ☐ Homestead residential foreclosure $0-$50,000
- ☐ Homestead residential foreclosure $50,001-$249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Nonhomestead residential foreclosure $0-$50,000
- ☐ Nonhomestead residential foreclosure $50,001-$249,999
- ☐ Nonhomestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0-$50,000
- ☐ Other real property actions $50,001-$249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice-business
  - ☐ Malpractice-medical
  - ☐ Malpractice-other professional
- ☒ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**REMEDIES SOUGHT** (Check all that apply.)
- ☒ monetary;
- ☐ nonmonetary declaratory or injunctive relief;
- ☐ punitive

**NUMBER OF CAUSES OF ACTION:** [ 2 ]
(Specify.) _____Interference with right to take FMLA leave, retaliation for taking FMLA leave_____

**IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

CIV-125   Page 1

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes. If "Yes", list all related cases by name, case number, and court.

_____
_____

**IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

_____        12/4/17
Matthew Gunter, Esq.                              Date
Fla. Bar # 0077459